In the Matter of the Claim of LEONARD LAWRENCE, Respondent, v. NEW YORK STATE REALTY & TERMINAL Co. et al., Appellants; SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 12, 1970.

*Jones & Kafka* (*Anne G. Kafka* of counsel), for appellants.

*George Cholet* (*James P. Lynch* of counsel), for Special Fund, respondent.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*C. T. Finn* for claimant-respondent.

HERLIHY, P. J. This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed July 28, 1969, denying appellants reimbursement from the Special Disability Fund (Workmen's Compensation Law, § 15, subd. 8).

The board has found that based on the credible evidence " that prior to the accident of December 2, 1954 the employer did not have *reasonable basis* on which to predicate an *informed opinion* that claimant had a permanent physical impairment of such nature as is or is likely to be a hindrance or obstacle to employment ". (Emphasis supplied.)

In *Matter of Bellucci* v. *Tip Top Farms* (24 N Y 2d 416, 420) the knowledge required was held to be only that there was an impairment and a *good faith* belief of permanency. The present appeal was prosecuted on a shortened record but it establishes that the claimant's immediate supervisor at the time he suffered a permanent injury to his back in 1943 was the same as at the time of the 1954 accident. Prior to the lump sum adjustment of the 1943 compensation claim in 1944, a report was filed with the board which stated that the claimant had a permanent defect of chronic lame back. In 1950 the corporate employer changed to the present appellant employer, however, the supervisor remained the same with the right to hire and fire employees. The claimant testified that following his 1943 accident · he returned to the same work as prior thereto but qualified such statement by saying " I had help at all the time during that period ". At a later hearing the claimant unequivocally stated that he was assigned lighter work after 1943. In view of the foregoing the board's finding that the employer had no " reasonable basis " for forming an opinion prior to 1954 is not supported by substantial evidence regardless of any supposed issue of credibility.

The board's reference to an " informed opinion " is vague and under the requirements of the *Bellucci* case (*supra*) would be erroneous if the board is intending to require something more than knowledge of a permanent defect. (See *Matter of Van Dusen* v. *Rochester Safti-Brake,* 32 A D 2d 684, 686; *Matter of Streit* v. *303 Cherry St. Co.,* 32 A D 2d 980, 981.) The present decision of the board states that the employer's building superintendent had knowledge of the defect and a belief that it was permanent. There is evidence outside of issues of credibility

from which it could be found that the employment was continued with actual knowledge of a permanent defect.

The findings of the board in the present decision are not sufficient to permit judicial review and/or are not supported by substantial evidence.

The decision should be reversed, with costs to appellants against the Special Disability Fund, and claim remitted for further proceedings not inconsistent herewith.

STALEY, JR., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Decision reversed, with costs to appellants against the Special Disability Fund, and claim remitted for further proceedings not inconsistent herewith.